UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

GAINESVILLE DIVISION

DEANNA LANGILLE, PLAINTIFF,                    1:12-CV-127-MP-GRS

VS

JAY HOFER, Individually and as Assistant District attorney, MIRIAM DILLARD, Individually and as Internal Revenue attorney, COMMISSIONER, Internal Revenue Service, and EDWARD SUARZ, DEFENDANTS.

MOTION FOR DECLARATORY JUDGMENT AND COMPLAINT FOR DAMAGES

    1. Motion for Declaratory Judgment

Deanna Langille, Plaintiff, moves this Court for a Declaratory Judgment in her favor on the following issues of controversy with the above named defendants:

1. The Internal Revenue Act, 26 U.S.C. Section 162, states that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. In the instant case the defendants have not allowed the deductions for mortgage interest expense, property taxes, property insurance on seller-held mortgages nor

Homeowner's Association fees or utilities on same. These are, or were, necessary, ordinary and reasonable expenses incurred by Plaintiff in the carrying on of her rental management business in 1993, 1994 and 1995;

2. The Internal Revenue Code, 26 U.S. C. Section 162, provides for the deduction of professional dues and costs related to the required education for the maintenance of a professional license and in the instant case, Plaintiff maintained an active license to practice law in four states, Florida, Indiana, Texas and Mississippi and therefore paid professional dues in all four states and also earned the required ten hours of continuing legal education in each of the relevant years to maintain those licenses. Defendants have failed to credit these expenses in determining her net taxable income for the relevant years of 1993, 1994 and 1995;

3. Defendants have included an insurance payment for a burglary of her home and the loss of personal property as net taxable income for the year 1994;

4. Defendants have included as net taxable income for Plaintiff a sum paid in housing compensation for overtime work for an employee and at the same time refused to credit the sum as wage compensation;

5. Defendants created taxable income for Plaintiff by claiming non-existent second mortgage payments without any evidence of same;
6. Defendants failed to credit major roof repair for Plaintiff's office building as a reasonable business expense;
7. Defendants failed to credit the purchase of digital word processors for the business office in 1995 as well as digital software legal programs and included the sums paid for same as net taxable income.
8. Plaintiff used her home as collateral for a business loan for the purpose of purchasing the business office building and the interest expense on that loan should therefore be allowed as a business tax deduction from the business revenues.

Plaintiff requests a Declaratory Order from this Court declaring the above described expenses as ordinary and reasonable business expenses and therefore deductible from general business revenues for the purpose of determining net taxable income.

II. COMPLAINT FOR DAMAGES AGAINST DEFENDANTS

Plaintiff is a resident of Alachua County Florida. Defendant Jay Hofer is employed in Hillsborough County Florida as Assistant District Attorney. Miriam Dillard is employed in Duval County Florida as Assistance Internal Revenue

3

attorney. Edward Suarez resides in Hillsborough County Florida. The Commissioner Internal Revenue Service has his office in Washington, D.C.

This complaint arises under the United States tax code, Chapter 26 and Defendants' negligence and failure to comply with both their ethical and legal duties and responsibilities, causing continuing great damage and hardship to Plaintiff, more specifically as stated hereafter:

1. Defendant Hofer has repeatedly, and continually, beginning in 1997 and continuing through as recently as June 2012 refused, failed and neglected to review the egregiously erroneous analysis by the Commissioner's examiner in 1997 of Plaintiff's bank records for 1993, 1994 and 1995 and the examiner's method of cursory and summary sorting bank withdrawals/checks into three columns, in her work spreadsheets, one entitled "legal" one entitled "rental" and the third column entitled "personal" without any review of explicit check stub explanations or financial records or input from Plaintiff, thereby assigning withdrawals/checks in a sum exceeding $189,000 as "personal" expenses and therefore, net taxable income for Plaintiff. Defendant Hofer knew, or should have known, that the examiner's final analysis was seriously flawed when he read her final report as her

4

conclusions were not only seriously improbable but clearly impossible. Plaintiff was practicing law in a community based law office for low income clients at minimally low fees. Plaintiff's rental management business was clearly operating at a loss as it too was serving low income tenants.

2. Plaintiff has advised Defendant Hofer numerous times as to these errors and flaws in the Commissioner's examiners bank analysis and failure to properly review all the financial records, which were in the Commissioner – and defendant Hofer's – possession and custody. Plaintiff has also provided Defendant Hofer with a detailed list of the business expenses that should have been credited but were not.

3. Defendant Hofer on numerous occasions, and most recently as May 2012, has expressed animosity and personal bias against plaintiff, for reasons unknown to Plaintiff.

    4. Defendant Hofer has, and has had, a continuing ethical and lawful duty and obligation, individually and in his official capacity, to enforce the law with integrity and justice, and has failed to do so, thereby causing great harm to Plaintiff.

    5. Defendant Miriam Dillard has, and has had, a continuing ethical and lawful duty and obligation, individually and in her official capacity, to enforce the law with integrity and justice, and has failed to do so in the same manner as

5

described above as to Defendant Hofer, thereby causing great harm to Plaintiff.

6. Defendant Commissioner has, and has had, a continuing ethical and lawful duty and obligation, along with his examiner and employees, to enforce the law with integrity and justice, and has failed to do so in the same manner as described above as to Defendant Hofer, in that Plaintiff has provided said Commissioner with a detailed list of ordinary and necessary business expenses not credited by Commissioner's examiner, as early as 2004, as well as other detailed explanations, to which defendant Commissioner has failed, refused and neglected to review, thereby causing great harm to Plaintiff.

7. Defendant Commissioner has statistical data available to him and his employees, specifically the examiner in this case, and all named defendants, which should have alerted him, and them, at the very beginning, that the examiner must have made extreme errors in her summary analysis, and as a result thereof, they should have reviewed and corrected her spreadsheets and results and conclusions. Their failure to do so has caused, and continues to cause, great harm to Plaintiff.

8. Defendant Edward Suarez was retained by Plaintiff to represent her in a tax audit by the Commissioner in 1997 but failed to do so and instead in conjunction with Defendant

6

Hofer agreed to the defendant Commissioner's erroneous analysis and when confronted by Plaintiff with the denial of the improbable and impossible result, simply discontinued his representation. His failure to properly represent Plaintiff at the very early stages of this case caused the other Defendants to continue their aggressive and unlawful actions against Plaintiff and causing the present, and continuing, harm to Plaintiff.

Wherefore, Plaintiff demands judgment against in the amount of $757,031, plus costs, and any other relief proper in the premises.

*Deanna Langille, pro se*
Deanna Langille

2203 NE 8th Ave

Gainesville, Fl 32641

352 264 7949