UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEANNA LANGILLE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 1:12-cv-127-MP-GRJ

JAY HOFER, et al.,

    Defendants.

_____

## ORDER AND NOTICE TO PLAINTIFF

Plaintiff initiated this case by filing a *pro se* complaint (Doc. 1) and paying the filing fee.  Because Plaintiff is not proceeding as a pauper in this case, Plaintiff is responsible for service of process upon the Defendants, pursuant to Fed. R. Civ. P. 4(m), which states:

> **Summons: Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Plaintiff's Complaint was filed on June 13, 2012.  Thus, all Defendants must be served on or before October 11, 2012.

Before counsel has appeared for Defendant, Plaintiff shall send to Defendant a copy of every further pleading, motion, or other paper filed by Plaintiff in this case.  After counsel has appeared for Defendant, the copy shall be sent directly to counsel for

Defendant, rather than to the Defendant personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendant or counsel for Defendant. If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Defendant or counsel for Defendant, it will be **stricken** by the Court.

Plaintiff shall immediately advise the Court of any change of address. She shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such.

Both parties shall insure that all exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

If Defendant files a motion to dismiss, Plaintiff shall have **TWENTY (20) DAYS** to file his response to the motion to dismiss. *Pro se* Plaintiff is advised out of an abundance of caution[1] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter. If Defendant files a motion to dismiss that is supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff shall have **TWENTY (20) DAYS** to file his response. If Defendant files a motion for summary

---

[1] See Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985), and Milburn v. United States, 734 F.2d 762 (11th Cir. 1984) wherein the Court expressed concern about pro se litigants in summary judgment cases.

judgment, Plaintiff shall have **TWENTY (20) DAYS** to file his response.  In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it.  Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute.  If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute.  In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation.  If the motion is granted, there will be no trial, and the case will be terminated in this Court.

Accordingly, it is **ORDERED:**

1.  The Clerk shall forward to Plaintiff a copy of Fed. R. Civ. P. 4 and two blank summons forms.  Plaintiff has already provided a summons form for each named Defendant, but because the United States is a defendant, the U.S. Attorney for the Northern District of Florida and the U.S. Attorney General must also be served, pursuant to Fed. R. Civ. P. 4(I).

2.  Plaintiff shall complete each summons and return them to the Clerk **within 20 days** of this date.  If the summons are completed and returned, the Clerk shall issue summons for each Defendant.  Defendant Suarz, a private individual, shall

have twenty-one (21) days to respond to the complaint. The remaining Defendants, United States agencies or officers, shall have sixty (60) days to respond to the complaint, pursuant to Fed. R. Civ. P. 12(a).

3. **On or before October 11, 2012**, Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service of process upon each Defendant, or waiver of service. Failure to provide proof of proper service or waiver for a particular Defendant, or failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of that Defendant from this action without further notice.

4. After a response to the complaint has been filed by a Defendant, Plaintiff is required to mail to the attorney for the Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of Court a certificate of service which states the date a correct copy of the paper was mailed to the Defendant or the attorney representing the Defendant. Any paper submitted for filing after a response to the complaint has been filed which does not contain a certificate of service shall be returned by the Clerk and disregarded by the Court.

5. The Clerk shall return the file to the undersigned upon the filing of the last answer by the Defendants or no later than October 12, 2012.

**DONE AND ORDERED** this 22nd day of June 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge