IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEANNA LANGILLE,

    Plaintiff,

v.                                                  CASE NO. 1:12-cv-127-MP-GRJ

JAY HOFER, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Before the Court is the United States' Motion to Dismiss (Doc. 6). Plaintiff has filed a response to the motion to dismiss (Doc. 7). For the reasons discussed below, it is respectfully **RECOMMENDED** that the United States' Motion to Dismiss (Doc. 6) be **GRANTED**.

### I. INTRODUCTION

Plaintiff, proceeding *pro se*, seeks declaratory relief and damages in connection with a longstanding dispute between Plaintiff and the Internal Revenue Service ("IRS") regarding her business and personal taxes in the years 1993, 1994, and 1995. As defendants, Plaintiff names Jay Hofer, individually and as Assistant United States Attorney; Miriam Dillard, individually and as an IRS attorney; the IRS Commissioner; and Plaintiff's former counsel in the tax matter, Edward Suarez.

Plaintiff alleges that she was not permitted to take certain deductions and credits related to her law practice, and that the IRS improperly designated certain monies as net taxable income. Plaintiff requests that the Court declare these "expenses as ordinary and reasonable business expenses and therefore deductible from general

business revenues for the purpose of determining net taxable income." In her complaint for damages against each defendant, Plaintiff alleges that Hofer, Dillard, and the Commissioner were negligent in failing to review the "erroneous analysis by the Commissioner's examiner in 1997 of Plaintiff's bank records for 1993, 1994 and 1995." Defendants Hofer and Dillard are alleged to have failed to "enforce the law with integrity and justice." Plaintiff asserts a state legal malpractice claim against Suarez. She seeks a $757,031.00 judgment against Defendants. (Doc. 1.)

After the motion to dismiss was filed in this case, Plaintiff filed a motion to amend her complaint to (1) correct the spelling of defendant Suarez's last name from Suarz to Suarez; and (2) to add Count III to her complaint, which is styled as a "Petition for Return of Exempt Funds" and seeks the return of funds seized by the IRS in connection with its civil and/or criminal investigation against her.[1] (Doc. 11.) The Court notes that Plaintiff previously pleaded guilty to willfully filing a false tax return for 1994 and as part of that sentence was ordered to pay $144,360.0 in restitution to the IRS. In civil proceedings, Plaintiff petitioned the Tax Court for redetermination of deficiency for 1993, 1994, and 1995, and after an unfavorable decision, appealed to the Eleventh Circuit, which rejected her arguments that the Tax Court failed to deduct business expenses from her law practice and losses from her residential rental activity.

---

[1] Plaintiff previously pleaded guilty to willfully filing a false tax return for 1994 and as part of that sentence was ordered to pay $144,360 in restitution to the IRS. In civil proceedings, Plaintiff petitioned the Tax Court for redetermination of deficiency for 1993, 1994, and 1995, and after an unfavorable decision, appealed to the Eleventh Circuit, which rejected her arguments that the Tax Court failed to deduct business expenses from her law practice and losses from her residential rental activity. United States v. Birdsong, No. 8:01CR126T17 (M.D. Fla. Sept. 10, 2004); Langille v. Commissioner, T.C. Memo 2010-29 (U.S. Tax Ct. Mar. 18, 2010); Langille v. Commissioner, 447 Fed. App'x 130 (11th Cir. 2011).

## II. DISCUSSION

In its Motion to Dismiss, the United States contends that the instant action should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Subject matter jurisdiction

Plaintiff's motion for declaratory judgment is due to be denied. The Eleventh Circuit has held that 28 U.S.C. § 2201 (The Declaratory Judgment Act) expressly precludes the ability of a district court to issue a declaratory judgment in a dispute over federal taxes. *Christian Coal. Of Fla., Inc. v. United States*, 662 F.3d 1182, 1188-89 (11th Cir. 2011). With few exceptions, none of which apply to the instant case, "judicial review of IRS determinations is largely circumscribed to entertaining suits for the refund of already-paid taxes." *Id.* at 1189 (citing *Bob Jones Univ. v. Simon,* 416 U.S. 725 (1974)); *see also* 28 U.S.C. § 7421 (Anti-Injunction Act) and 28 U.S.C. § 1346. Accordingly, Plaintiff's motion for declaratory judgment is due to be denied for lack of subject matter jurisdiction.

Claims for damages against Defendants Hofer, Dillard, and the Commissioner

Plaintiff alleges that Defendants Hofer, Dillard, and the Commissioner of the IRS were negligent in handling her case. She sues them in their individual and official capacities. Suits against employees of the United States in their official capacities are suits against the United States, which is entitled to sovereign immunity unless it has consented to suit. The Federal Tort Claims Act (FTCA) specifically excludes "[a]ny claim arising in respect to the assessment or collection of any tax . . ." 28 U.S.C. 2680(c). "Section 2680(c) has been interpreted broadly by the courts to preclude suits

for damages arising out of the alleged tortious activities of IRS agents when those activities were in any way related to the agents' official duties." *Capozzoli v. Tracey,* 633 F. 2d 654, 658 (5th Cir. 1981); *see Pace v. Platt*, 2002 WL 32098709 (N.D. Fla. Sept. 10, 2002). Accordingly, any claims against Defendants Hofer, Dillard, and the Commissioner in their official capacities are due to be dismissed because this Court lacks subject matter jurisdiction to entertain such claims against the United States.

To the extent Plaintiff asserts a *Bivens* claims against these Defendants, such a claim would be precluded because (1) Plaintiff has alleged only negligence on the part of these defendants and not any constitutional violation; and (2) *Bivens* actions against individual IRS employees are foreclosed by the availability of an adequate statutory remedy.[2] *Al-Sharif v. United States,* 296 Fed. App'x 740, 741-42 (11th Cir. 2008) (affirming district court's dismissal of a *pro se* plaintiff's claims against IRS agents for lacks of subject matter jurisdiction and failure to state a claim). Claims against Defendants Hofer, Dillard, and the Commissioner in their individual capacities are, therefore, due to be dismissed.

Claims against Defendant Suarez

Plaintiff has asserted a state legal malpractice claim against the attorney who represented her in least part of the underlying proceedings. As discussed above, the Court lacks subject matter jurisdiction to entertain her claims against the United States and its employees. To proceed with the state law claim against Suarez, Plaintiff would have to establish diversity jurisdiction. According to her complaint and motion to

---

[2] 26 U.S.C. § 7433(a).

amend, both Plaintiff and Suarez are Florida residents. Pursuant to 28 U.S.C. § 1332(a) there must be complete diversity among the parties in order for a federal court to have diversity jurisdiction over an action. See, e.g., Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994)("Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant."). Because Plaintiff and Suarez both reside in Florida, the Court does not have subject matter jurisdiction over her state negligence claims against Suarez.

To the extent this Court has jurisdiction (stemming from Plaintiff's potential–but meritless--*Bivens* claim against Assistant U.S. Attorney Hofer), the district court may decline to exercise supplemental jurisdiction over state law claims where the district court has dismissed all claims over which it has original jurisdiction. Where federal claims are dismissed prior to trial and only the state claims remain, the Eleventh Circuit has "encouraged" district courts to dismiss the remaining state claims, rather than exercising the Court's supplemental jurisdiction to resolve only the state claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Accordingly, Plaintiff's malpractice claim against Suarez is not appropriate for resolution in federal court and, therefore, the Court should exercise its discretion under § 1367(c)(3) and decline to exercise supplemental jurisdiction.

Plaintiff's Motion to Amend

In her motion for leave to amend her complaint, Doc. 11, Plaintiff requests leave to correct the spelling of Defendant Suarez's last name and add a third count to her complaint. In the proposed third count, Plaintiff seeks an order from the Court directing the IRS to return funds that the IRS garnished from her accounts. As discussed above,

this Court does not have subject matter jurisdiction over such a claim. Courts can deny leave to amend when the amendment would be futile. Such an amendment is "futile" if it is clearly insufficient or frivolous. *See, e.g., Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff's proposed claim is futile and therefore the Court should deny Plaintiff's motion to amend.

### III.  RECOMMENDATION

In light of the foregoing it is respectfully **RECOMMENDED** that:

1. The United States' Motion to Dismiss (Doc. 6) should be **GRANTED** and this case should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

2. Plaintiff's Motion for Leave to Amend (Doc. 11) should be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida this 14th day of January, 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**